May it please the Court, my name is Michael Bohl and I represent the appellant in this matter, Brandon Pierce. At this time I would reserve 4 minutes for rebuttal. I want to welcome you as a student, by the way. Yes, thank you very much, Your Honor. Pierce v. Collections Associates is a bankruptcy case which focuses solely on when exactly a transfer of garnished wages occurs for purposes of Section 547 Preference Analysis. Now the plain language of the Code section, case law from this circuit's bankruptcy appellate panel, and the most straightforward, clear rule for future application all support our position that a transfer of garnished wages occurs when those wages are earned. Section 547 does not require physical possession of an asset for terms of a transfer, and Section 547 does not depend on the amount in controversy when an eventual petition to avoid a transfer is filed, as the bankruptcy appellate panel found in this case. Alternatively, more than $600 in this case were transferred from Mr. Pierce in the form of garnished wages. Therefore, Section 547c8, which is the matter of controversy in this case, does not apply, and the entire transfer should be avoidable. Why don't we zero in on the BAPS rationale first and see what you think is the problem with that. They seem to say, well, at one point, there were the six garnishments that constituted preferences of more than $600, but by the time your clients brought the preference action, all that was left was $562. So I guess in their view, it doesn't make sense to say there's more than $600 at issue because there's only $562 left. What's wrong with that? With respect to the BAPS reasoning on that, I believe that the plain language of the statute says that once more than $600 has been transferred, and in this case, $858 and change was transferred in this matter. So the fact that $296 were later transferred back, either because it had to or because it was, doesn't look to the actual language of the statute, which says that once that $600 benchmark has been reached, the affirmative defense of the creditor is no longer applicable. You're relying wholly on the statute. You have no specific case law that this question has come up before. Is this really a novel question? This issue has come up in specificity in the BAP level of the courts. The bankruptcy appellate panel in this circuit has addressed this question specifically. You mean prior to this case? Prior to this case. N. Ray James, a 2001 bankruptcy appellate panel opinion, addressed specifically when wages are earned within the 90-day petition period but later paid after the bankruptcy petition was filed. And in that case, they found that the transfer was avoidable. For preference purposes, the transfer was within the section, the plain language of 547. And in that case, the court looked at three different types of transfers. First, they looked at transfers when the wages were earned before the 90-day window and paid within that window. The second was when the wages were earned within the window and paid within the window. And then last, as in this case, the wages were earned within that 90-day window but paid after the bankruptcy petition was filed. And in James, they said that the first, where the wages are earned outside the window, that cannot be avoided because the wages were not transferred in that 90-day period. The middle, obviously, could be avoided. And then they said in that opinion on page 677, they said that if payment 13 was earned within the pre-petition period of 90 days and wasn't paid until after the bankruptcy petition was filed, that that payment can be attributed towards the $600 level for preference purposes under 547B and specifically in C8 of this section. So in that, that court specifically looked at when the transfer occurs. And in this case, it would apply that the transfer, those last two transfers, which were sent after, or excuse me, which were received after the petition was filed should be counted towards that preference period. So for that reason, this case has been addressed by James. Now, this court has not... because that's obviously not controlling on us. And whether the BAP is internally inconsistent is not going to help us decide the case. So why don't you focus on why you think the rule ought to be as you say. Sure. In the statute related issue, section 547C8, which is the creditor's affirmative defense, that says that if a transfer that constitutes or is effect... or excuse me, if the value of the property constituting or affected by a transfer exceeds $600, the entire preference is voidable. So we should look to the definition of transfer within the bankruptcy code. And section 101, sub 54 of the bankruptcy code states that a transfer means either under sub A, the creation of a lien, or the direct or involuntary disposing of or parting with property or an interest in property. Now in this case, the garnishment in this case was issued long before the 90-day pre-petition window. So in this case, a continuing lien was placed on Mr. Pierce's wages. As soon as Mr. Pierce earned those wages, an interest... a legal possessory and proprietary interest transferred from Mr. Pierce to Collections Associates. When the bankruptcy notice was given to the employer, that was wages earned or to be earned. But weren't some of these wages not due at that time? All of the $858 in change in wages were earned during that time period. In the window? In the window, yes. They just weren't all delivered to... they weren't all delivered apparently, right? Well, the two checks were sent from Mr. Pierce's employers. They were sent before the petition was filed, and they were received by the court after the petition was filed. So they were in transit. But in this case, if we focus the clear rule on the transfer when earned, when Mr. Pierce earned those wages, which follows the language of the definition of transfer according to the bankruptcy code... Do you think that's a question of federal law as opposed to Nebraska law? I do think in this case, the reasoning of BAP opinions is applicable to this matter of whether this is a federal question because it's a federal... Whether the BAP said it or not, is it correct? And if so, why? I do believe so because 547 controls federal bankruptcy. It may be up to state law to determine when the garnishment is ordered or when Mr. Pierce's wages are actually subject to a continuing lien. That might be a state application issue. But for federal purposes, it's important to define the clear rule in terms of when the transfer does occur because the federal statute would rely on it. Well, here's a question that I have and a problem for me in thinking about your argument here. Didn't the petition that was filed on February 13, 2013, seeking avoidance, didn't it only refer to the $562.78? And doesn't it specify that the transfer with respect to that amount is the avoidance that is sought? And if that's the language, it seems to me that goes a long way towards settling this question here and tying you to a figure that is below the $600 threshold. That is what the petition said. However, I would say the petition requested the return of the $562 because that's how much the collections associates were still possessing. However, the authority for which they were asking for that money was that the affirmative defense of Section 547c8 was not met. So this is an interesting case where less than the full amount was returned. However, the authority that they were requesting that under was the section of the statute. That's because more than $600 were transferred. Therefore, the debtor in this case, as a matter of law, can't avoid that preference to return to the bankruptcy estate in this case. Did the bankruptcy appellate panel cite Henry James? Yes, they did. What did they say about it? The bankruptcy appellate panel agreed that wages are transferred when earned. And so they agreed with our position insofar as that more than $600 at one time were transferred. And then that court said that because the amount in controversy at the filing of the petition was less than $600, that Section 547c8 does apply. It was about $200 that were not transferred. But were they earned? I'm not sure. What did the appellate panel say on that again? The bankruptcy appellate panel agreed that $858 were earned within that pre-petition window. And, in fact, they were earned. Earned or transferred? Well, both under our interpretation. Under your view, it's both earned and transferred. Under the BAPs as well. The BAP agreed. They said at one point there had been. Sure, sure. Yes. And so using that code language, they said at one point they were. However, at the time of filing the petition, as you said, Judge Shepard, there was less than $600. Therefore, what's at issue, said the BAP. But according to our interpretation, once that $600 mark is reached, more than $600 had been transferred, as a matter of law, the entire amount may or must be avoided back to the bankruptcy estate. And so, again, respectfully, I believe the BAP was looking at the wrong snapshot or the wrong timeline of the transaction. They were looking at how much is at issue on the filing of the petition to avoid the transfer. And the appellate in this case is looking at the timeline. They're looking at how much they received of possession physically in their pocket. But what the appellant is looking for in this case is a clear line that says once the wages have been earned, they have been transferred. And that's because a legal interest has been transferred from Mr. Pierce as the debtor to Collections Associates as the creditor. So in this case, because a legal interest has been transferred, we would ask that that definition be applied to Section 547C8. And because more than $600 were transferred in this case, the entire preference is avoidable. I do see I'm running into my rebuttal time, and if there are no further questions from the court, I would reserve the remainder. Very well, we'll hear from Mr. Peterson. Mr. Peterson, we thank you for coming. We appreciate your motion, but we also feel, speaking for myself at least, it's helpful to hear from you as well on this so that we're in the best position to decide the case correctly. So. Well, thank you, Your Honor. May it please the court, my name is Trev Peterson. I represent Collection Associates, the defendant in the case below. I guess one thing I wanted to correct on the record first, there's no evidence in the record on when these checks were sent. The stipulated facts show when those last two payments were received by the county court. They were received on December the 12th, two days after the filing of the bankruptcy case. The second check was received on December 26th, which would have been 16 days after the filing of the bankruptcy case. In this case, my client received $562.70. Hold on, what's the relevance of that? Are you suggesting maybe they weren't all within the period? Well, no, the wages, if you look at the facts and the checks, the wages appear to have all been earned within the 90 day preference period. Okay, so there's no dispute on that. There's no dispute on that. So where that becomes important is if you look at state law, which generates the right to the continuing lien. And that specifically is 25, excuse me, 25-1056. 1056-2 talks about the continuing lien. And 25-1056-3 talks about when the continuing lien becomes invalid and shall have no force and effect. And under subsection D, the continuing lien has no force and effect upon when proceedings are stayed by a court of competent jurisdiction, which includes the bankruptcy court. So in this particular case, on December the 10th of 2012, under section 362A2 and A3 of the bankruptcy code, the filing of the petition in bankruptcy creates an automatic stay, which what we refer to as the automatic stay provision. And that then terminates the continuing lien under state law. And that's really all that was necessary here, is once the case was filed, the continuing lien is terminated. But if the transfer had already occurred before that of 800 plus dollars, then what difference does it make that it was stayed afterward? Well, the question then is, is the earning of the wages a transfer of the wages? And I think that's the essential issue. Right. And- Judge Bright had a question too, and I- Well, what I'm getting at is that, if I get the facts right, the wages of $800 had been earned before the bankruptcy petition was filed, is that correct? That's correct. And then when a bankruptcy petition was filed, it cuts off, according to your position, any right to monies which had not been paid over. Correct. And so there was less than $500 within the 90-day period before the bankruptcy entered, and that amount your client got, but the rest of it went back to the bankrupt now, is that correct? That's correct, Your Honor. And what's the difference between this case and in Ray James? Well, I think in this case, my client didn't ever get physical possession of the money. I mean, the money wasn't sent to the county court for application to the judgment until well after the bankruptcy had been filed and after the automatic stay was in place. So how about in James? Was that different? I don't recall for certain whether the last payment in James was received before or after the filing of the bankruptcy case. Well, if I understand you, Mr. Pearson, it sounds like you're saying this case comes down to whether the transfer occurs when the person receives the money or when the employer pays it. Because if it's the latter, then the $800 was all paid, transferred rather, before the stay. If the transfer doesn't occur until your man gets the money, then the $200-plus occurred after the stay. Correct. Correct. But your friend says, no, the stay doesn't help you because the transfer had already occurred when the wages were earned. That's when the garnishment takes effect, the transfer occurs. What's wrong with that? And if the employer never paid the employee for his wages, do I then have to give back the $858 even though I didn't get a dime? Because the employee under James is deemed to have earned those wages on a day by day- Let's get him a microphone. The employee, I'm sorry. The employee is deemed under James to have earned those wages on a day by day basis. What if the employer never pays him? What if my client didn't get a dime? Do I still owe the debtor the money back? And that's the problem with the James analysis, is it doesn't focus on when was the money paid. In this particular case, the money wasn't paid until after the automatic stay was, the last two payments were not paid until after the stay was in effect. Paid to the court in this case? Paid to the court, yes. And that assumes, Your Honor, and I- The employee is entitled to it, whether or not it's paid, right? I mean, you would have, if you're ordered to give it back and the employer hasn't paid you, ultimately you can work it out because the employer is obligated to pay you. You might have to go through another step to get the money first from the employer, but- Right, yeah. As a legal matter, you're entitled to it. We're entitled, yeah, we'd be entitled to it under state law, yes. Yeah, so isn't that the answer to your what if we didn't get paid? Then we, yeah, we have recourse against the employer, yeah, for his failure to pay on the garnishment. Yeah, we would have legal right against the employer, we would. So isn't that a sufficient answer, then? Doesn't that solve the potential problem in James that you raise? Well, I guess it probably would. It may, I mean, in theory it would because if the employer's not paying into court, I don't know how I can compel him to pay me instead of the court. But yeah, I mean, in theory, I'd have the claim against the employer. Legal process, I understand it would be, but just as a legal matter, I- But I guess, if we go back to the BAP's analysis on this case, Your Honor, the money that the creditor received, my client received here, was a 562.78, and we didn't get $600. So I guess, based on that, Your Honor, I don't have any more argument. I just simply ask the court to affirm the BAP. If there are any questions, I'd be happy to try to answer them if I could. Thank you, Your Honor. Thank you again for coming, Mr. Peterson. Mr. Bohl, we'll hear from you in rebuttal. You want to address his main point there about what if we don't get paid? Yes, Your Honor, I think by drawing the line at transferred when earned, I think you have a legal interest. And as he said, that they would be entitled to that money in a legal setting, it's entitled theirs. Now, section 547, if C8, if it is not fulfilled, that money is automatically avoided back to the bankruptcy estate. And whether the creditor still has an interest in that money when it is liquidated is another separate issue, I suppose. So the point, when wages are transferred when earned, it makes for a clean line of transfer. It either is Mr. Pierce's or it is Collections Associates. It's not in the mail, it's not sitting on someone's mail desk, it's not waiting to be deposited in the bank. When legal interest, that's the clear rule and clear interpretation for the rule would be that a legal interest passed, not a possessory or physical interest. Let me ask you this question. An employer and an employee agree that the wages earned for the prior month will not be paid until the 15th of the next month. And so, a bankruptcy intervenes between the 1st and the 15th. And the employer has not paid, and there's money left. Who gets the money? We'll say it's less than $600. Does the collection agency get it, or does the client keep the money? If it's less than $600. If it's less than $600, the creditor would have a legal interest to however much the employee has earned. Now, if this court sets a line that wages are transferred when earned, then the states can apply, if that's the interpretation of a federal statute. State statute can go in, and that would be a state question on when the garnishment attached and when it's earned. Now, for instance, in Nebraska, however many wages were earned within that two week period, that would be more than the actual exempted amount from whatever could be garnished, that amount would be transferred. So the state question would be how many wages were transferred, or should wages be earned on a week pay period, or a two week pay period. But that's a state law question of interpretation, in which Wade and James did. They first turned to the federal statute, saying when does a transfer occur, when those wages are earned. Then they looked at state law, and they said, okay, exactly how many wages were earned in this situation. So you take out however much was earned, but exempted under the garnishment law of the state. But then any more than that is transferred to the creditor. So in that situation, if more than $600 were transferred after the exemption, then it would be avoided as a preference. Suppose the employer went bankrupt before the end of the month. Wouldn't the employee just have a claim against the employer's bankrupt estate? Your Honor, I believe at that point, the debtor's estate would have a claim for whatever wages were earned, but not actually transferred. Assuming it's still less- The employer's one that went bankrupt. So the employee never gets the money. Employee never got the money. Are you saying there's been a transfer nonetheless? There's been a transfer nonetheless, because he is entitled to whatever he has earned as wages. And under this- All he has is a claim against the bankrupt employer in that scenario. I believe so in that sense. But if the wages are transferred when earned, I suppose then you have a number of how many wages he's entitled to. Now in that case, there'd be kind of a bankruptcy on top of a bankruptcy. And I'm not exactly sure how section 547 C8 would apply in this situation. But I'm out of time. But I would ask that this court do adopt that plain rule of transferred when earned for purposes of- All right, well thank you very much for your argument. Thank you again to Mr. Peterson. The case is submitted and we will file an opinion in due course.